UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER MURRAY,

Plaintiff,

CIVIL ACTION NO. 08-14366

v.

DISTRICT JUDGE SEAN F. COX
MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.

_______________________/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as substantial evidence exists on the record that claimant remains capable of performing a significant number of jobs in the economy.

* * *

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on October 26, 2004, alleging that he had become disabled and unable to work on September 21, 2004, at age 30, due to attention deficit disorder (ADD), mental depression and anxiety. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on May 29, 2007, before Administrative Law Judge (ALJ) Regina Sobrino. The ALJ found that the claimant was not entitled to disability benefits because he retained the ability to perform a significant number of jobs existing in the economy. The Administrative Law Judge determined that the claimant could work at all exertional levels from sedentary to heavy, so long as only superficial

contact with co-workers or supervisors was required. Suitable jobs were simple and routine, and did not involve interaction with the general public. They required no reading, confrontation, negotiation or exposure to loud background noise. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 33 years old at the time of the administrative hearing. He had been graduated from high school, and had completed a year of vocational training in electronics (TR 56, 287). Claimant had been employed as a audio and video installer, delivery driver, accounting clerk and computer technician during the relevant past (TR 59, 285). As an accounting clerk for a CPA firm from August 2001 through September 2004, he was in charge of filling out payroll and tax records for clients. He completed several monthly reports using word processing software (TR 62).

Claimant stopped working in September 2004, due to mental depression, panic attacks and an inability to follow instructions (TR 289, 291-292). He testified that emotional difficulties, particularly his inability to handle stress, prevented him from returning to work (TR 298-299). Plaintiff remained capable of cooking, doing the laundry, performing household repairs and driving an automobile. He enjoyed working on his computer, playing video games, and visiting friends and relatives. The claimant occasionally went hunting and fishing, drove a boat, watched sports on television, and often took long (9 mile) walks (TR 69-74, 125-127).

A Vocational Expert, Ann Tremblay, classified Plaintiff's past work as sedentary, skilled and semi-skilled activity (TR 304). The witness testified that there were no jobs for claimant to perform if his testimony was fully accepted[1] (TR 307). If he were capable of medium work, however, there were numerous unskilled laundry, inspection, packaging and assembly jobs that he could still perform with minimal vocational adjustment (TR 306). These simple, routine jobs involved only superficial contact with supervisors and co-workers, and did not involve any reading, negotiation or confrontations (TR 305-306).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of depression, anxiety, ADD and substance abuse/dependency, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's emotional difficulties limited him to simple, routine work assignments that protected him from contact with the general public. The Law Judge further restricted claimant from jobs that required confrontation or negotiation, or which involved exposure to loud background noise. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of heavy, light and sedentary unskilled work, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining

[1]The witness opined that claimant's alleged inability to concentrate, complete tasks and remember details due to his emotional difficulties would preclude all work activity (TR 307).

whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff does not challenge the Law Judge’s determination that his physical impairments would not interfere with his ability to perform a restricted range of work at all exertional levels. Instead, the claimant maintains that emotional difficulties, particularly his inability to handle workplace stress, have prevented him from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the

national economy, considering his age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2009).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of unskilled jobs at all exertional levels. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a disabling mental disorder. Although the Law Judge found the presence of a mental impairment identified in the A criteria (mental depression, ADD and generalized anxiety), the evidence failed to establish significant functional limitations identified in the four categories of the "B" criteria.

The evidence of record shows that Plaintiff remains capable of performing a variety of daily activities and that he is able to communicate effectively with others.[2] The record revealed that Plaintiff could cook, do the laundry, perform household repairs and drive an automobile. He enjoyed working on his computer, playing video games, and visiting friends and relatives. The claimant occasionally went hunting and fishing, drove a boat, watched sports on television, and took long walks (TR 69-74, 125-127, 292-295). While Plaintiff allegedly had difficulty interacting with others, due to depression, the record also revealed that he was able to main a high grade point average while doing college work in January 2007 (TR 215). This suggests a substantial ability to interact well with teachers and other students while remaining goal orientated Given this evidence, the Law Judge reasonably

---

[2]The first area of the B criteria, known as "activities of daily living", includes cleaning, shopping, cooking, maintaining a residence, using the telephone and caring for one's grooming and hygiene. The second area, social functioning, refers to an individual's capacity to interact appropriately and communicate effectively with others, including family, friends and merchants.

determined that claimant's daily activities and social functioning were, at most, moderately restricted.

While Plaintiff alleged that his depression interfered with his memory and ability to concentrate[3], he also indicated that he was able to perform household repairs, use a computer and drive a boat (TR 72-74, 127, 294). These abilities stand in sharp contrast to his allegation that he suffered from a complete inability to concentrate. Dr. Tahira Jabeen, a treating psychiatrist, reported in February 2005, that Plaintiff was well oriented, logical and goal directed. Sensorium and cognition were said to be intact, and his judgment was not impaired (TR 210). Significantly, Plaintiff told Dr. Jabeen that all his symptoms of depression, anxiety and ADD were controlled with medications (TR 209). Furthermore, the claimant's ability to operate a boat, perform household chores and complete repairs suggests that he retained at least a minimal level of concentration as would be required in performing the unskilled jobs identified by the Vocational Expert.

The last area of function under the "B" criteria is deterioration or decompensation in work or work-like settings, which refers to the "repeated failure to adapt to stressful circumstances which cause the individual either to withdraw from that situation or to experience exacerbation of signs or symptoms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4). Dr. Jabeen, and physician assistant Donna Merrill, submitted progress notes covering the period between 2005 and 2007, indicating that the claimant could maintain socially appropriate behavior, and keep up basic standards of neatness and cleanliness.

---

[3]The third area of function evaluated under the "B" criteria is concentration, persistence, and pace, which refers to the "ability to sustain focused attention sufficiently long to permit the timely completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

The clinicians added that Plaintiff could make simple, work-related decisions, and independently perform routine, repetitive tasks. Claimant reportedly had the capacity to understand, remember and carry out short, simple instructions (TR 192-208, 215-224). No physician imposed a specific work-preclusive limitation on claimant's functioning. Although Plaintiff contended that depression and anxiety caused profound cognitive limitations, his depressed mood showed much improvement as long as he took his medications as directed (TR 209).

When claimant's depression, anxiety and problems with ADD were under control, he was able to attend school beginning in July 2006, achieving and maintaining a very high grade point average (TR 215, 223-224). The medical evidence also failed to show that the claimant has suffered any episodes of decompensation. Plaintiff's ability to speak in a logical, coherent manner while remaining well organized suggests that he does not suffer disabling anxiety or depression. Furthermore, the types of unskilled jobs identified by the Vocational Expert (assembly, laundry and packaging) would not cause a great deal of stress. These entry level jobs did not involve any interaction with the public, and only superficial contact with co-workers and supervisors (TR 305-306). The Law Judge properly found that the degree of limitation for each of the four B criteria was only moderate and not severe. As a result, Plaintiff did not meet the criteria of the Listing of Impairments.

Plaintiff relies heavily upon the fact that Dr. Martin Shinedling, an examining psychologist, described him as totally disabled (TR 232). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical

findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Shinedling offered little objective evidence to support his conclusion of disability, his opinion need not have been given any special weight[4]. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various

---

[4]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so (TR 18). As noted by the Commissioner, Dr. Shinedling did not have a sufficient treating relationship with claimant. The disability opinion offered by the consultative examiner was inconsistent with the level of daily activities acknowledged by the claimant (TR 18). Moreover, a review of the doctor's lone evaluation record shows he documented few objective test results (TR 226-233). Indeed, it appears the doctor's statements were based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled laundry, inspection, packaging and assembly jobs that he could still perform with minimal vocational adjustment (TR 306). These simple, routine jobs required only superficial contact with supervisors and co-workers, and did not involve any reading, negotiation or confrontations (TR 305-306). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of work activity at all exertional levels.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th

Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: June 4, 2009

---

**CERTIFICATE OF SERVICE**

I hereby certify on June 4, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on June 4, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217